## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **PARKER KENT** | § | |
| | § | |
| **v.** | § | **A-15-CV-365 SS** |
| | § | |
| **CHERON Y. NASH, WARDEN,** | § | |
| **FCI, BASTROP, TEXAS** | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE SAM SPARKS
       UNITED STATES DISTRICT JUDGE

Before the Court are Petitioner Parker Kent's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, filed on May 5, 2015 (Dkt. No. 1); and Warden Nash's Response to the Petition for Writ of Habeas Corpus, filed July 16, 2015 (Dkt. No. 6). Kent was allotted ten days of receipt of the Response to file a Reply to Nash's Response, and he did not do so.

The Magistrate Judge submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

## I. GENERAL BACKGROUND

Petitioner Parker Kent ("Kent"), Federal Register Number 10795-010, is currently serving a 151-month term of imprisonment for Possession of Methamphetamine with Intent to Distribute, with five years of supervised release time. He is confined at FCI Bastrop in Bastrop, Texas. His projected release date per the Bureau of Prisons ("BOP"), including potential good-time credit, is November 20, 2023.

On October 23, 2011, Kent was arrested in Benton County, Arkansas, for Possession of Methamphetamine with Intent to Distribute, Trafficking a Controlled Substance, and parole violations in Case Numbers CR-91-1086, CR-98-1648, and CR-07-1513.  On October 24, 2011, Kent's parole was revoked and he was placed in state custody in Arkansas.  On December 14, 2011, the United States District Court in the Western District of Arkansas issued an order for Writ of Habeas Corpus Ad Prosequendum.  On December 21, 2011, inmate Kent was transferred from state custody for the pending federal charges.

On September 18, 2012, Kent was sentenced in the Western District of Arkansas, to a 188-month term of imprisonment, for Conspiracy to Distribute Methamphetamine.  The judgment was silent in regard to the parole revocation and pending charges.  Based on the primary jurisdiction of the state officials, Kent was returned to state custody on October 3, 2012 and he served the remainder of his state sentence until his release from state custody on December 6, 2012.  Upon release from state custody, Kent was transferred to the custody of the United States Marshals Service to begin serving his federal sentence.  On January 9, 2015, Kent received a sentence reduction pursuant to 18 U.S.C. § 3582(c), reducing his sentence term from 188 months to 151 months.

Kent administratively sought to have the time he had spent in custody from December 15, 2011, to December 6, 2012,[1] credited against his federal sentence.  Kent requested the BOP to designate nunc pro tunc (retroactively) the state facilities for service of his federal sentence. After

---

[1]Kent requests credit for the period from December 15, 2011, to December 6, 2012, apparently based on the fact that the United States District Court issued its writ on December 14, 2011 (though Kent was not transferred to federal custody until December 21, 2011), and the fact he completed his state sentence on December 6, 2012.  Given its recommendation, the Court need not address if this in fact is the correct period of time at issue.

considering the factors set forth in 18 U.S.C. § 3261, on March 27, 2015, the BOP denied Kent's request.

In his § 2241 Petition, Kent contends that the Bureau of Prisons erroneously failed to give him credit toward his federal sentence for time he spent in custody from December 15, 2011, to December 6, 2012. Kent argues that the BOP abused its discretion in denying him his requested nunc pro tunc designation of this time. The BOP does not dispute that Kent has exhausted his administrative remedies. In response to the merits, the BOP argues: (1) the time for which Kent seeks credit has already been counted toward his state sentence and he cannot receive double credit pursuant to 18 U.S.C. § 3585(b); and (2) Kent cannot argue that the BOP erred in not sending a letter to his federal sentencing judge requesting input on a nunc pro tunc designation because his state sentence was imposed before his federal sentence.

## II. ANALYSIS

The Court reviews denials of nunc pro tunc designations deferentially under the Administrative Procedure Act. The Court may reverse a denial only if a petitioner shows that the denial was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). A federal sentence begins when the defendant is received in federal custody to begin serving his sentence. 18 U.S.C. § 3585(a). The BOP, however, has the discretion to retroactively designate a state facility as the place for service of a federal sentence. *See* 18 U.S.C. § 3621(b); *Barden v. Keohane*, 921 F.2d 476, 478–79 (3d Cir. 1990); BOP Program Statement 5160.05(9)(b)(4). If a defendant is already serving a state sentence, this "nunc pro tunc" designation has the effect of starting the federal sentence while the defendant is in state custody and running the federal and state sentences concurrently.

Kent first complains that the BOP failed to properly exercise its discretion when it denied his nunc pro tunc request, by stating that 18 U.S.C. § 3583(b) prohibits the application of any time credited against another sentence toward the federal sentence. Kent asserts that 18 U.S.C. § 3585 states that a defendant "shall be given credit toward the service of a term of imprisonment for ANYTIME he has spent in official custody prior to the date the sentence commences." (Dkt. No. 1 at 3). Section 3585 determines when a federal sentence of imprisonment commences[2] and whether credit against that sentence must be granted for time spent in "official detention" before the sentence began. It provides the following:

> (a) Commencement of sentence.—A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody.—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *that has not been credited against another sentence.*

18 U.S.C. § 3585 (emphasis added). As will be explained, Kent's reading of this statute is incorrect.

---

[2]The record in this case shows that pursuant to 18 U.S.C. § 3585 the BOP properly determined that Kent's federal sentence commenced on December 6, 2012, when he was paroled from his state sentence and released to federal custody to begin serving his federal sentence. *See Jones v. Joslin,* 635 F.3d 673, 675 (5th Cir. 2011) (finding that petitioner's federal sentence commenced on the day he was officially released from state custody and released to federal officials).

18 U.S.C. § 3585 does not provide federal credit for **all** time spent in custody prior to the commencement of the federal sentence.  The BOP in this case was correct in finding that the period of time for which Kent seeks credit against his federal sentence (from December 15, 2011, to December 6, 2012) had already been credited against his state sentence.  (Dkt. No 6, Ex. A, Declaration of Dawn L. Giddings at 3).  As quoted above, § 3585(b) clearly and unambiguously prohibits the BOP from giving a prisoner credit toward his federal sentence for time that has already been credited toward another sentence.  *United States v. Wilson,* 503 U.S. 329, 337 (1992) (in enacting 3585(b), "Congress made clear that a defendant could not receive a double credit for his detention time").  Accordingly, Kent is not entitled to receive credit again toward his federal sentence for time served against his state sentence under § 3585(b).  *See Leal v. Tombone,* 341 F.3d 427, 430 (5th Cir. 2003) (holding that the BOP was not required to credit prisoner's state custody time toward his federal sentence where that time was credited against the prisoner's state sentence); *United States v. Moore,* 2001 WL 1692476 at *4 (5th Cir. 2001) (same).

Kent additionally argues that the BOP abused its discretion when it failed to contact his federal sentencing judge to ascertain whether that judge objected to the nunc pro tunc designation of his time spent in state custody as concurrent with his federal sentence.  Kent argues that the BOP's failure to contact his sentencing judge violates BOP Program Statement 5160.05, "Designation of State Institution for Service of Federal Sentence." *Taylor v. Sawyer*, 284 F.3d 1143 (9th Cir. 2002), abrogated in part as to another holding in *Setser v. United States*, 132 S.Ct. 1463, 1473 (2012) (resolving circuit split by holding that district courts have the discretion to order a federal sentence to run concurrently with a not-yet-pronounced, but anticipated, state sentence). When an inmate requests a nunc pro tunc designation to the state prison and a concurrent designation may be

appropriate, the BOP reviews the request in light of the factors set out in § 3621(b) and the BOP's

Program Statements.  The BOP, however, will only make such a designation "when it is consistent

with the intent of the sentencing Federal court, or with the goals of the criminal justice system." BOP

Program Statement 5160.05.

Title 18 U.S.C. § 3584(a) states in part, "Multiple terms of imprisonment imposed at

different times run consecutively unless the court orders that the terms are to run concurrently." *Free*

*v. Miles*, 333 F.3d 550, 553 (5th Cir. 2003).  The federal sentencing court did not order Kent's

federal sentence concurrent to the already imposed state sentence.  Program Statement 5160.05

clearly states,

> In making the determination, if a designation for concurrent service may be
> appropriate (e.g., the federal sentence is imposed first and there is no order or
> recommendation regarding the service of the sentence in relationship to the yet to be
> imposed state term), the RISA will send a letter to the sentencing court.

Kent was taken on a writ from state custody and his federal sentence was imposed *after* the

imposition of the State of Arkansas sentence.  Due to the state sentence being imposed prior to the

federal sentence, pursuant to Program Statement 5160.05, the BOP is not required to send a letter

to the sentencing court.  The sentencing court was aware of the already running state sentence at the

time of federal sentencing and a concurrent designation, if intended, could have been made at the

time the federal judge sentenced Kent.  The federal sentencing court declined to do so.  The BOP

correctly presumed from the district court's not specifying a concurrent sentence that it intended to

impose a consecutive sentence. *See* 18 U.S.C. § 3584(a); *Setser*, 132 S.Ct. at 1466–73.  The BOP

did not abuse its discretion when it did not send a letter to Kent's federal sentencing judge asking

about the possibility of a nunc pro tunc concurrent designation of his state and federal sentences.

"The decision whether to designate a [state] facility as a place of federal detention [pursuant to 18 U.S.C. § 3621(b)] 'is plainly and unmistakably within the BOP's discretion and we cannot lightly second guess a deliberate and informed determination by the agency charged with administering federal prison policy.'" *Abdul–Malik v. Hawk–Sawyer*, 403 F.3d 72, 76 (2d Cir. 2005) (citing *Taylor v. Sawyer*, 284 F.3d 1143, 1149 (9th Cir. 2002)).  The record in this case shows that the BOP reviewed Kent's request for nunc pro tunc designation under the relevant factors set out in 18 U.S.C. § 3621(b), in accordance with case law and its own polices, and determined that Kent's case was not appropriate for a nunc pro tunc designation.  The Court finds that the BOP did not abuse its discretion in acting on the request, and that Kent's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 should be denied.

### III.  RECOMMENDATION

The Magistrate Judge **RECOMMENDS** that the District Judge **DENY** Petitioner Parker Kent's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, filed on May 5, 2015 (Dkt. No. 1).[3]

### IV.  WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. *Battles v. U. S. Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

---

[3] A certificate of appealability ("COA") is not needed for a federal inmate to appeal the denial of relief under 28 U.S.C. § 2241. *See Castro Flores v. Dretke*, 120 F. App'x 537, 538–39 (5th Cir. 2005) (per curiam).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–153 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 31st day of August, 2015.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE