IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2015 OCT 14  AM 8:03
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
   DEPUTY

PARKER KENT,
                    Petitioner,

-vs-                                                          Case No. A-15-CA-365-SS

WARDEN NASH and BUREAU OF PRISONS,[1]
                    Respondent.

**ORDER**

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Petitioner Parker Kent's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [#1], Petitioner Warden Nash's Response to the Petition for Writ of Habeas Corpus [#6] thereto, and the Report and Recommendation of United States Magistrate Judge Andrew W. Austin [#7]. Neither party filed objections to the Report and Recommendation. Having reviewed the documents, the governing law, and the file as a whole, the Court enters the following opinion and orders.

All matters in this case were referred to United States Magistrate Judge Andrew W. Austin for report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Kent is entitled to de novo review of the portions of the Magistrate Judge's report to which he filed specific objections. 28 U.S.C.

---

[1] The proper respondent in this action is Warden Nash. *See Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) ("[T]he default rule is that the proper respondent is the warden of the facility where the prisoner is being held."). Accordingly, the Bureau of Prisons is terminated as a party.

§ 636(b)(1). All other review is for plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc). Although Kent did not file any objections, this Court has reviewed the entire file de novo, and agrees with the Magistrate Judge's recommendation.

## Background

Petitioner Parker Kent, Federal Register Number 10795-010, is currently serving a 151-month term of imprisonment at FCI Bastrop for Possession of Methamphetamine with Intent to Distribute, Trafficking a Controlled Substance, and parole violations in Case Numbers CR-91-1086, CR-98-1648, and CR-07-1513. According to Respondent, Kent's projected release date, including good-time credit, is November 20, 2023.

On October 23, 2011, Kent was arrested in Benton County, Arkansas and taken into state custody. Kent's parole was revoked on October 24, 2011. On December 21, 2011, pursuant to a federal writ of habeas corpus *ad prosequendum* issued by the United States District Court in the Western District of Arkansas, Kent was transferred from state custody to the custody of the United States Marshals Services (USMS) for purposes of federal prosecution.

On September 18, 2012, Kent was federally sentenced in the Western District of Arkansas to a 188-month term of imprisonment for Conspiracy to Distribute Methamphetamine.[2] Following his federal sentencing, on October 3, 2012, Kent was returned to state custody to continue serving his state sentence until his release from state custody on December 6, 2012. Upon release from state custody, Kent was transferred to the custody of the USMS to begin serving his federal sentence.

Kent filed a Request for Administrative Remedy seeking to credit, through a *nunc pro tunc* (retroactive) designation, the time he spent in custody from December 15, 2011 to December 6, 2012

---

[2] On January 9, 2015, this sentence was reduced to 151 months pursuant to 18 U.S.C. § 3582(c)(2).

against his federal sentence. After reviewing the statutory factors set forth under 18 U.S.C. § 3261, on March 27, 2015, officials at the Bureau of Prisons denied Kent's request for *nunc pro tunc* designation.

Kent has filed a § 2241 petition claiming Respondent erred in failing to credit against his federal sentence the time he spent in custody from December 15, 2011 to December 6, 2012. The parties agree Kent has exhausted his administrative remedies.

## Analysis

### I.  Legal Standard

"A section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). The BOP is responsible for administering the sentences of federal offenders. *United States v. Wilson*, 503 U.S. 329, 331–32, 334 (1992). The BOP calculates the prisoner's sentence and determines what credit, if any, will be awarded for time spent in custody prior to the start of the federal sentence. *Id.*

Federal sentences and credits for prior custody are calculated pursuant to 18 U.S.C. § 3585, which provides in relevant part:

> (b) Credit for prior custody.—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> > (1) as a result of the offense for which the sentence was imposed; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *that has not been credited against another sentence.*

18 U.S.C. § 3585(b) (emphasis added).

## II. Application

Kent posits two arguments: (1) he is entitled to credit against his federal sentence for time served in state custody from December 15, 2011 to December 6, 2012; and (2) Respondent was required to send his federal sentencing judge a letter requesting the judge's position as to whether a *nunc pro tunc* designation was appropriate, and Respondent erred in failing to do so.

Kent's first argument lacks merit, because the period of time for which Kent seeks credit—December 15, 2011 to December 6, 2012—was already credited against the state sentence Kent received. Resp. [#6] Ex. A. ¶ 9. The plain language of § 3585(b) controls: Kent may only be given credit for time "that has not been credited against another sentence." 18 U.S.C. § 3585(b). In enacting § 3585, "Congress made clear that a defendant could not receive a double credit for his detention time." *United States v. Wilson*, 503 U.S. 329, 337 (1992). Because Kent received credit toward his state sentence for the time in question, he cannot now receive credit for the same time toward his federal sentence. *See Leal v. Tombone*, 341 F.3d 427, 430 (5th Cir. 2003) (holding the BOP was not required to credit an inmate's state custody time against the inmate's federal sentence).

Kent's second argument is also rejected, because Respondent did not abuse its discretion in failing to ascertain the federal sentencing judge's position on whether Kent's sentences were to run concurrently. Under § 3584(a), there is a presumption that "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms run concurrently." 18 U.S.C. § 3584(a). The BOP Program Statement § 5160.06 further states, "[i]n making the determination, if a designation for concurrent service may be appropriate (e.g. the federal sentence is imposed first and there is no order or recommendation regarding the service of the sentence in

relationship to the yet to be imposed state term) the [Regional Inmate Systems Administrator] will send a letter to the sentencing court." BOP Program Statement § 5160.06.

The record reveals Respondent reviewed Kent's request under the relevant § 3621 factors. In conducting its analysis, Respondent noted that the federal court sentenced Kent after his state sentence had already been imposed, and the court was silent as to whether Kent's federal sentence was to run concurrently with the already-imposed state sentence. Resp. [#6] Ex. A. ¶¶ 11, 12. Respondent reasoned the federal sentencing court was aware of Kent's already-running state sentence and could have, if intended, designated Kent's federal sentence to run concurrently with this state sentence. *See United States v. Jack*, 566 F. App'x 331, 332 (5th Cir. 2014) ("[W]e presume from the district court's failure to specifically order a concurrent sentence that it intended to impose a consecutive sentence."). "The decision whether to designate a facility as a place of federal detention [pursuant to 18 U.S.C. § 3621(b)] is plainly and unmistakably within the BOP's discretion and we cannot lightly second guess a deliberate and informed determination by the agency charged with administering federal prison policy." *Abdul-Malik v. Hawk-Sawyer*, 403 F.3d 72, 76 (2d Cir. 2005) (internal quotations omitted). Accordingly, Respondent did not abuse its discretion in failing to send a letter to the federal sentencing Court.

### Conclusion

The Court agrees with the Magistrate Judge. Kent is not entitled to credit toward his federal sentence for the time spent in custody from December 15, 2011 to December 6, 2012, because this time was already credited to Kent's state sentence. Moreover, Respondent did not err in failing to send a letter to the federal sentencing court. As a result, Kent's Petition for Writ of Habeas Corpus

[#1] is DENIED and the Report and Recommendation of the Untied States Magistrate Judge [#7] is ACCEPTED.

Accordingly,

IT IS ORDERED that the Report and Recommendation of the United States Magistrate Judge [#7] is ACCEPTED; and

IT IS FINALLY ORDERED that Petitioner Parker Kent's Petition for Writ of Habeas Corpus [#1] is DENIED.

SIGNED this the 9th day of October 2015.

_____
SAM SPARKS
UNITED STATES DISTRICT JUDGE